UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
GARY W. DODSON,                      :    02 Civ. 09270 (RJH)
:
:
:
            Plaintiff,               :
:    **MEMORANDUM**
       -against-                     :    **OPINION AND ORDER**
:
CBS BROADCASTING Inc., *et al.*      :
:
            Defendants.              :
:
------------------------------------------------------------x

Presently before the Court are defendants' motions *in limine* **[76]**. They are resolved as follows.

*1. The motion for exclusion of evidence concerning consent decrees in other actions is granted.*

Defendants request that these decrees be excluded on grounds of irrelevance and prejudice.[1] In response, plaintiff argues that evidence of the consent decrees that CBS entered with the EEOC is relevant as evidence that CBS was "favoring women, because of said decrees" and points to the arguments CBS made in its June 3, 2002 letter to the EEOC requesting reconsideration of their probable cause determination in this matter. In that letter, however, CBS notes that the consent decrees themselves, requiring CBS to take certain affirmative measures to cleanse the work environment of sex discrimination and to allow women technicians to advance

---

[1] Defendants cite *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893-94 (2d Cir. 1976) in their motion papers to suggest such consent decrees are by their nature *per se* inadmissible, *but see United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981) (SEC civil consent decree was admissible under Rule 404(b) in subsequent criminal trial regarding securities law violations to show knowledge of reporting requirements involved in the decree), *cert. denied*, 456 U.S. 946 (1982); *Brotman v. National Life Ins. Co.*, 1999 WL 33109, at *2 (E.D.N.Y. Jan. 22, 1999) (settlements or consent judgments are inadmissible to prove liability for underlying claim, but may be admitted for other purposes, such as proving bias or prejudice, and noting that *Gilbert* clarified that civil consent decrees are not governed by Rule 410, which excludes pleas of *nolo contendere* and pleas of guilt that are later withdrawn).

at the organization, were implemented several months after the termination of Dodson's employment. They would thus be irrelevant to such a showing.

Plaintiff also argues that evidence of the EEOC's suit and its settlement is admissible to show an apparent propensity for generalized sex discrimination against both men and women at CBS that is inconsistent with Title VII. The "limited probative value of this evidence," however, "is substantially outweighed by the burden that the admission of this evidence would place on [defendant] to explain the circumstances at issue in [the EEOC's lawsuit and its settlement], by the waste of time that would accompany such explanations, and by the danger that admission of this evidence will create unfair prejudice against [defendant]." *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 578109, at *2 (S.D.N.Y. Feb. 17, 2005) (excluding settlement evidence from other lawsuits); *Figueroa v. Boston Scientific Corp.,* 2003 WL 21488012, at *4 (S.D.N.Y. June 27, 2003) (same). This evidence is therefore excluded pursuant to Rule 402 and 403 of the Federal Rules of Evidence.

*2. The motion for exclusion of the EEOC's probable cause determination is granted.*

Generally speaking, "EEOC determinations are sufficiently reliable to be admissible under the public records hearsay exception of Fed.R.Evid. 803(8)(C)." *Watson v. E.S. Sutton, Inc.*, 2005 WL 2170659, at *21 (S.D.N.Y. Sept. 6, 2005); *Chamblee v. Harris & Harris, Inc.*, 154 F.Supp.2d 670, 677-78 (S.D.N.Y. 2001) (probable cause finding admissible, and would be accompanied by limiting jury instruction that finding was not final determination of liability).

Such documents are properly excluded, however, where the evidence's probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403; *see also Paolitto v. John Brown E&C, Inc., et al.*, 151 F.3d 60, 65 (2d Cir. 1998). The risk of prejudice is greater where the EEOC has found a violation, as opposed to merely finding the existence of probable cause regarding a violation. *Id.* at 65 n.3 ("A finding of probable cause states only that

the case is a close one, whereas a finding . . . [of a violation] conclusively resolves the administrative charge.").

The document presently in question—the determination letter from the EEOC dated May 14, 2002—contains both a finding of probable cause ("there is reason to believe that violations have occurred") as well as a "determination on the merits" ("I conclude that the Charging Party was retaliated against.") (Exhibit A to Pl.'s Mem. at 2.) Consequently, there is a heightened risk of unfair prejudice. In addition, it appears that substantial evidence will be presented at trial that was not presented to the EEOC. (*See* Def.'s Mem. at 9.) Exclusion of an agency's determination is particularly appropriate where there is a "likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compared to the evidence considered by the agency." *Paolitto*, 151 F.3d at 65. At trial, plaintiff will be able to introduce all relevant evidence, whether or not it was considered by the EEOC. Given the low probative value of the EEOC determination compared to the risk that the jury will be unduly influenced despite any limiting instruction, the Court will exclude the document.

*3. The motion for exclusion of evidence concerning DiGiovanni's marital status and the qualifications of DiGiovanni and Kentrianakis is granted.*

DiGiovanni's marital status and the details of his marriage have very little conceivable bearing on whether DiGiovanni failed to promote Dodson on the basis of his gender, and have the potential for unfair prejudice. Such evidence will thus be excluded at trial under Rule 403.

The professional qualifications of DiGiovanni and Kentrianakis themselves are irrelevant under Rule 402. They have no bearing on plaintiff's allegation that CBS discriminated against him on the basis of age and gender by promoting Lori Burnette and Jessica Somers to full-time editor positions in early 2000 rather than plaintiff.

*4. The motion to exclude evidence of Holly Fontana's 1997 hiring to a full-time position is denied.*

The mere fact that events are time-barred under Title VII will not impact their admissibility if relevant to a plaintiff's claim. "Time-barred incidents are regularly admitted as background evidence in discrimination cases, subject to evidentiary rules." *Heredia v. Small*, 2006 WL 47667, at *5 (S.D.N.Y. Jan. 9, 2006); *Trinidad v. New York City Dept. of Correction*, --- F.Supp.2d ----, 2006 WL 704163, at *8 (S.D.N.Y. Mar. 21, 2006) ("A statute of limitations does not operate to bar the introduction of evidence that predates the commencement of the limitations period but that is relevant to events during the period.") (internal citations and quotations omitted). The Second Circuit has held that the admission of such evidence is subject to Rule 403 analysis. "[E]arlier [time-barred] discriminatory acts may constitute relevant background evidence … As such, it obviously does not compel the admission of such evidence, but rather affords the trial court discretion to decide whether such evidence is admissible under the ordinary evidentiary standards of probity and prejudice." *Malarkey v. Texaco, Inc*., 983 F.2d 1204, 1211 (2d Cir. 1993) (finding no abuse of discretion in a refusal to admit such evidence).

Here, the Court finds that the challenged, time-barred evidence "is relevant in that it tends to make the existence of the plaintiff's remaining claims more probable and lends background to plaintiff's theory of the case." *Vernon v. Port Authority of New York and New Jersey*, 200 F.Supp.2d 401, 404 (S.D.N.Y. 2002). Fontana's promotion in October 1998, while unactionable as time-barred, likewise involved DiGiovanni as a decisionmaker and occurred less than a year and a half prior to the promotions of younger female editors Lori Burnette and Jessica Somers to 4.03(g) positions in early 2000. *Dodson v. CBS Broadcasting Inc*. 2004 WL 1336231, at *20 (S.D.N.Y. June 15, 2004). Plaintiff has also asserted that, like the actionable promotions, Fontana was less qualified for the position than available male candidates. The Court, therefore, will not bar otherwise admissible evidence relating to Fontana's promotion to a full-time

editorship at this juncture.  "However, in an effort to ensure the jury is not confused as to which claims are actionable in this case … the Court will read, when necessary, an appropriate limiting instruction."  *Vernon*, 200 F.Supp.2d at 404.

5. *The motion to exclude the testimony of Adams, Diederich, Dorsey, Miller, and Wiggins is denied.*

As Judge Wood and Magistrate Judge Peck noted, Dodson offers the affidavits of Dana Adams (a reporter and weekend anchor), Bill Diederich (an executive producer and managing editor), Howard Dorsey (an executive producer of the eleven o'clock news), Rosalind Miller (a CBS freelance reporter) and Andre Wiggins (a producer of the six o'clock news) to rebut CBS's evidence regarding his poor work performance and interpersonal skills.  *Dodson v. CBS Broadcasting Inc.*, 2004 WL 1336231, at *9 (S.D.N.Y. Jun. 15, 2004).  The observations of CBS personnel such as producers and reporters—in a position in the CBS hierarchy to testify as to plaintiff's demeanor and performance—may be relevant to rebut defendants' evidence to the contrary and to establish pretext.  The motion is therefore denied.

6. *The motion to exclude Wiggins' testimony on the 1999 DiGiovanni comment is denied*

The Court declines to exclude the comment that DiGiovanni allegedly made to Andre Wiggins regarding his preference for female editors.  Allegedly, DiGiovanni said he "liked it that way" when asked about having a "lot of female editors working for him."  As Judge Wood and Magistrate Judge Peck held, "a reasonable jury could view DiGiovanni's alleged comment as evidence of discriminatory animus." *Dodson*, 2004 WL 1336231, at *22.  DiGiovanni, of course, has been accused of discriminating against Dodson directly on the basis of his gender, and, thus, his alleged comment is directly probative of the merits of this allegation.  *Cf. Minton v. Lenox Hill Hosp.*, 160 F.Supp.2d 687, 695 (S.D.N.Y. 2001) (noting that stray remarks were

5

made by plaintiff's subordinates and that it is well established that "[a]s a general matter, stray comments are not evidence of discrimination if … they are made by individuals without decision-making authority") (internal quotation marks and citation omitted).

Furthermore, the comment directly touches on the question of DiGiovanni's preference for employees of one gender, occurred directly between the two actionable hires in early 2000 and the time-barred Fontana hire, and may be reflective of the gender-based negative treatment plaintiff alleges he suffered while employed. *Schreiber v. Worldco, LLC*, 324 F.Supp.2d 512, 522 (S.D.N.Y. 2004) (finding age-related comment possibly probative as it "was made by an important member of the group, three or four months before [plaintiff's] disassociation from [defendant organization], and explicitly referenced age, in the context of an inquiry by Schreiber as to why he could not get into [a particular trading group."); *see also Conway v. Electro Switch Corp.,* 825 F.2d 593, 597 (1st Cir. 1987) (evidence of discriminatory atmosphere can be relevant because it tends "to add 'color' to the employer's decisionmaking processes and to the influences behind the actions taken with respect to the individual plaintiff"). Defendants refer to the possible ambiguous or neutral meaning of the remark, but, in light of Judge Wood's previous holding, the weight and interpretation to give this statement is clearly a question for the factfinder.

*Conclusion*

The parties are advised that because of its posture as a ruling made in advance of trial, "an *in limine* ruling may be reviewed at trial, and 'the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.'" *Great Earth Intern. Franchising Corp. v. Milks Development*, 311 F.Supp.2d 419, 424 (S.D.N.Y. 2004) (*quoting Luce v. United States*, 469 U.S. 38, 41-42 (1984)); *Vernon v. Port Authority of New York and New Jersey*, 200

F.Supp.2d 401, 404 (S.D.N.Y. 2002) (trial court retains the right "to alter its decision on the admissibility of specific testimony or documents until the context of the trial renders more apparent whether they are sufficiently relevant and probative.")

The parties are directed to appear for a conference in this matter in Courtroom 17B on May 5, 2006 at 10:00 a.m.

SO ORDERED.

Dated: New York, New York
       March 29, 2006

Richard J. Holwell
United States District Judge

7